## DETERMINED IN THE

# FOURTH DEPARTMENT,

### AT

## GENERAL TERM,

### June, 1881.

---

## JOSEPH A. STULL, Appellant, v. GILBERT WESTFALL, Respondent.

*Injunction — must rest on allegations of complaint — the affidavits only corroborative — Injunction to restrain the doing of an act " to the injury of the plaintiff," denied — Covenant in absolute restraint of trade, not presumed.*

On an application for an injunction, facts as to which the complaint does not contain any allegations, must not be alleged in the affidavits, as the affidavits are to be considered only as evidence of the allegations made in the complaint.

An injunction will be denied where it is asked not to restrain the doing of an act, but the doing of the act ·to the injury of the plaintiff; such injunction will be denied because of the inconvenience of enforcing an injunction, for every alleged breach of which a trial must be had in order to determine whether the act was or was not injurious to the plaintiff.

What is not a violation of an agreement not to solicit customers on a certain milk route, to buy milk or to injure a certain business.

A covenant in absolute restraint of trade is not to be implied from doubtful words.

APPEAL from an order of the Monroe Special Term, setting aside an injunction order granted *ex parte*.

*Stull & Bennett*, for the appellant.

*P. B. Hulett*, for the respondent.

SMITH, J. :

The injunction order was granted upon the complaint and certain affidavits accompanying it, alleging an employment by the plaintiff of the defendant in the business of selling milk in the city of Rochester, in the production of which the plaintiff was engaged on a farm owned by him a few miles from said city, and a parol agreement on the part of the defendant not to solicit business from the customers of the plaintiff after the termination of that employment. The defendant's agreement, as alleged in the complaint, was that he would not, at or after the final termination of such employment, " in any manner, directly or indirectly, himself or by his agent, solicit the customers or any of them on said milk route of said plaintiff, to buy milk of him, said defendant, or do anything whatever to divert the trade or injure the business of said plaintiff in said city of Rochester, or in any manner, directly or indirectly, interfere therewith." The affidavits state the agreement more broadly, and aver that the defendant was employed upon the express understanding and agreement, not only that he would not in any manner interfere with or divert trade from the plaintiff on his said route or injure his business in any manner, but also that he would not sell or offer to sell milk or cream to the plaintiff's customers or any of them on his said route. The injunction order restrained the defendant from soliciting trade upon the milk route of the plaintiff, and from selling or offering to sell milk or cream to any of his customers upon said route. In chancery the rule was that facts not founded on allegations in the bill must not be introduced into the affidavits, and that the affidavits are to be considered only as evidence of the allegations made in the bill and cannot be attended to as laying a foundation for equities not otherwise claimed. (Kerr on Injunctions [Boston ed.], 1871, p. 613, § 23 ; *Dawson* v. *Yates*, 1 Beav., 301 ; *Burgess* v. *Horne*, 14 L. T., 461.) The same rule is yet in force, although under the present Code an injunction order may be granted on affidavits before the complaint is filed or served. (Sec. 608.) Section 628 of the Code provides that the granting or denial of an application to vacate or modify an injunction order, either upon the papers on which the order was granted or upon proof by affidavit on the part of the defendant, or both, does not prejudice a subsequent application, seasonably made, founded upon the failure of a com-

plaint which had not been made at the time of the former application, to set forth a cause of action sufficient to entitle the plaintiff to the injunction order upon one or more grounds recited therein. We are to take the agreement then, as stated in the complaint, and, as there alleged, the defendant agreed not to solicit the plaintiff's customers to buy of him, and not to divert his trade, or injure or interfere with his business. He did not bind himself not to sell milk, but his agreement was not to sell to the prejudice of the plaintiff. A covenant in absolute restraint of trade is not to be implied from doubtful words. If purchasers applied to the defendant of their own accord, without any solicitation on his part, his agreement did not stand in the way of his selling to them, even although they were former customers of the plaintiff. The affidavits on the part of the defendant tend, very strongly, to show that he has done just that and no more. The plaintiff alleges sales to forty of his old customers, but the affidavits of about that number of persons are produced, who state that they were customers of the plaintiff and that since the defendant set up for himself, they have bought of him, but without any solicitation on his part, and the defendant swears to the same thing. If, after the defendant engaged in the business, the plaintiff's old customers patronized the defendant of their own motion, without any solicitation or interference on his part, the defendant is not thereby chargeable with a breach of his agreement, for his sales were not injurious to the plaintiff, in a legal sense. He had a right to engage in the business of selling milk in Rochester, and to sell to all who voluntarily came to him, including the plaintiff's customers, if not solicited by him or his agents. If the injunction were to stand, it would be necessary in every case of an alleged breach of its provisions, to try the question whether the sale was under such circumstances as to amount to a legal injury to the plaintiff. That is a sufficient reason for denying the injunction and leaving the plaintiff to his remedy upon the agreement. The case of *Collins* v. *Plumb* (16 Vesey, 454), cited in *Stephens* v. *Aulls* (3 T. & O., 781), is in point. There was a covenant, upon a conveyance in fee, with the grantors, lessees of water works, not to sell or dispose of water from a well to the injury of the proprietors of the water works. A demurrer to the bill was allowed from the inconvenience of enforcing such a

covenant by injunction, inasmuch as upon every alleged breach a trial must be had to ascertain whether the act was injurious to the plaintiffs. Lord ELDON, in deciding the case, said : " This, however, is a covenant not against selling the water of this well, but against selling it to the injury of the proprietors of these water works, and those words being infused into the covenant, the plaintiffs at law must prove not only that the covenant is broken, but that it is broken in a sense that can be represented as injurious."

The plaintiff's affidavits, as has been said, allege that the defendant agreed not to sell to plaintiff's customers on his route, and the injunction restrained the defendant from so doing, but in that particular the affidavits and injunction are not sustained by the complaint. We are of the opinion that the order vacating the injunction should be affirmed on the ground above stated, without considering the other points made by the respondent's counsel.

TALCOTT, P. J., and HARDIN, J., concurred.

Order vacating the injunction affirmed, with ten dollars costs and disbursements.